OPINION
{¶ 1} Defendant-appellant American and Foreign Insurance Company appeals from the January 21, 2003, Judgment Entry of the Stark County Court of Common Pleas. Defendant-appellant Federal Insurance Company has filed a Cross-Appeal.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On August 10, 1999, appellee John Madden was injured in a motorcycle/automobile accident. At the time of the accident, appellee Madden was operating a 1984 Harley Davidson motorcycle titled in his wife, Kimberly Madden's name. On or about June 14, 2001, appellee John Madden and his wife settled with Rachel K. Booth, the tortfeasor, for the amount of $12,500.00.
 {¶ 3} As of the date of the accident, appellee John Madden was employed by the Timken Company. The Timken Company is the named insured under three policies of insurance. The first policy is an automobile liability policy issued by appellant American and Foreign Insurance Company (hereinafter "AFIC") which provides coverage in the amount of $5 Million Dollars. The second policy is a commercial general liability (hereinafter "CGL") policy issued by appellant AFIC which provides liability coverage in the amount of $5 Million Dollars. The last policy is an excess/umbrella policy issued to the Timken Company by cross-appellant Federal Insurance Company which provides coverage in the amount of $50 Million Dollars.
 {¶ 4} On August 20, 2001, appellees John Madden and Kimberly Madden filed a complaint for declaratory judgment against appellant AFIC and appellant Federal Insurance Company, among others, seeking underinsured (UIM) coverage pursuant to Scott-Pontzer v. Liberty Mut. Ins. Co.,85 Ohio St.3d 660, 1999-Ohio-292, 710 N.E.2d 1116. Subsequently, the parties filed Motions for Summary Judgment.
 {¶ 5} As memorialized in a Judgment Entry filed on January 21, 2003, the trial court held that appellees John and Kimberly Madden were entitled to UIM coverage under the automobile liability policy issued by appellant AFIC to the Timken Company and that appellee John Madden, as an employee of the Timken Company, was an insured under the CGL policy. The trial court further held that appellees were entitled to UIM coverage under the umbrella/excess policy issued by cross-appellant Federal Insurance to the Timken Company. The trial court, in its entry, held that Federal's "obligation to provide UM/UIM coverage applies only after AFIC is obligated to pay the full amount of its $5 million underlying limits of insurance coverage."
 {¶ 6} It is from the trial court's January 21, 2003, Judgment Entry that appellant AFIC now appeals, raising the following assignments of error:
 {¶ 7} "I. The trial court erred in denying Afic's motion for summary judgment relative to its Commercial Automobile and CGL Policies issued to the Timken Company.
 {¶ 8} "II. The trial court erred in holding that Afic's Policies were three year Policies instead of one year Policies.
 {¶ 9} "III. The trial court erred by denying Afic's motion for summary judgment insofar as it held that Afic's CGL Policy is a "Motor Vehicle Liability" policy subject to R.C. Sec. 3937.18."
 {¶ 10} "IV. The Trial court erred by holding that John Madden and Kimberly Madden are Insureds for any UM/UIM Coverage implied by operaton of law into Afic's CGL Policy.
 {¶ 11} "V. The Trial Court erred by holding that the UM/UIM Rejection form whereby the Timken Company rejected UM/UIM Coverage under Afic's Commercial Automobile Liability Policy at issue was invalid.
 {¶ 12} "VI. The Trial court erred in holding that Plaintiffs were Insureds under Afic's Business Automobile Policy.
 {¶ 13} "VII. The Trial court erred by failing to recognize that Afic is entitled to a declaration that Timken is self-insured in the practical sense and the Auto and CGL Policies are not subject to R.C. Sec. 3937.18.
 {¶ 14} "VIII. The Trial court erred by failing to recognize that Afic is entitled to a declaration that Plaintiff-Appellee is subject to the $1.5 million dollar deductibles set forth in Afic's CGL and Commercial Automobile Policies issued to the Timken Company."
 {¶ 15} Appellant Federal raises two assignments of error on Cross-Appeal. These assignments will be set forth after the discussion of AFIC's eight assignments of error.
 STANDARD OF REVIEW {¶ 16} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36, 506 N.E.2d 212. As such, we must refer to Civ.R. 56(C) which provides, in pertinent part: "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in the party's favor ."
 {¶ 17} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall, 77 Ohio St.3d 421, 429, 1997-Ohio-259,674 N.E.2d 1164, citing Dresher v. Burt, 75 Ohio St.3d 280,1996-Ohio-107, 662 N.E.2d 264.
 {¶ 18} It is based upon this standard that we review the assignments of error.
 {¶ 19} For purposes of clarity, we shall address the assignments of error out of sequence.
 I, IV, VI {¶ 20} Appellant, in its first assignment of error argues that the trial court erred in denying appellant AFIC's motion for summary judgment "relative to its commercial automobile and CGL policies issued to the Timken Company."
 {¶ 21} Appellant, in its fourth assignment of error, argues that the trial court erred in holding that John and Kimberly Madden are insureds for any UM/UIM coverage implied by operation of law into the GLC policy. Finally, appellants, in their sixth assignment of error, contend that the trial court erred in holding that appellees were insured under the business automobile policy.
 {¶ 22} In the case sub judice, appellee John Madden was injured while operating a motorcycle titled in his wife's, appellee Kimberly Madden's, name on personal business. The Ohio Supreme Court, in WestfieldIns. Co. v. Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256
recently held that "[a]bsent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured and underinsured motorist coverage covers a loss sustained by an employee of a corporation only if the loss occurs within the course and scope of employment." Id. paragraph two of the syllabus. See also In re Uninsuredand Underinsured Motorist Coverage Cases, 100 Ohio St.3d 302,2003-Ohio-5888.
 {¶ 23} Neither of appellees were injured while in the course and scope of employment. Therefore, assuming, arguendo, that the automobile liability and CGL policies issued by appellant provided UM/UIM coverage to the Timken Company by operation of law or otherwise, appellees would not be insureds thereunder since there is no language in either insurance policy to the contrary.
 {¶ 24} Appellant's first, fourth and sixth assignments of error are, therefore, sustained.
 II, III, V, VII, VIII {¶ 25} Based on our disposition of appellant's first, fourth and sixth assignments of error, the remaining assignments of error are moot.
 CROSS-APPEAL I, II {¶ 26} As is stated above, cross-appellant Federal Insurance Company raises the following assignments of error on Cross-Appeal:
 {¶ 27} "I. If Plaintiffs are entitled to UM/UIM coverage under the Afic and Federal Policies then the trial court correctly determined that Plaintiffs are not entitled to coverage under coverage Form B of Federal's Commercial Umbrella Policy and that Federal's obligation to provide UM/UIM Coverage applies only after the full amount of the $5 milliion underlying limit of Insurance coverage is exhausted; but Afic has asserted that the trial court incorrectly determined that Afic is obligated to pay the full $5 million underlying limit because the underlying Policy only provides coverage (if at all) to the extent the Plaintiffs' damage exceed $1.5 million, and afic should be obligated to pay only the $3.5 million difference between the $1.5 million deductible and afic's $5 million policy limit.
 {¶ 28} "II. If this court affirms the trial court's finding of UM/UIM coverage under the underlying Afic Policy/Policies but modifies the trial court's decision and holds that Afic's obligation is limited to the $3.5 million difference between the $1.5 million deductible and the underlying $5 million pollicy limit, then the trial court erred in holding that Federal's obligation applies only after `afic is obligated to pay' the full amount of its underlying limits of insurance coverage and the trial court's judgment must be modified to state that Federal's obligation to provide excess coverge would apply only to the exent Plaintiff's damages exceed $5 million, including the $1.5 million deductible amount."
 {¶ 29} However, based upon our holding in the case sub judice and in Madden v. Fidelity and Guaranty Insurance Underwriters, Stark App. No. 2003CA00067, that appellees are not entitled to UIM coverage under the automobile liability policy and CGL policy issued by appellant AFIC to the Timken Company and the umbrella/excess policy issued by cross-appellant Federal Insurance Company to the Timken Company, the assignments of error on Cross-Appeal are moot.
 {¶ 30} Accordingly, the judgment of the Stark County Court of Common Pleas is reversed and judgment shall be entered in favor of appellant American and Foreign Insurance Company on its Motion for Summary Judgment regarding its commercial automobile liability policy and commercial general liability policy issued to the Timken Company.
Edwards, J. Gwin, P.J. and Boggins, J. concur.